Faisal Gill (SBN 263416)
Gill Law Firm
355 S Grand St
Suite 2450 PMB# 1048
Los Angeles, CA 90071
310-418-6675
213-260-8255 (fax)
Fgill@glawoffice.com

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANTONE AUSTIN                )
6634 Fountain Ave.           )
Los Angeles, CA 90028      )
                               )
MICHELLE MICHLEWICZ    )        COMPLAINT
17811 Seminole Way        )
Yorba Linda, CA 92886      )
                               )
          vs                  )
                               )
CITY OF LOS ANGELES; OFFICER  )
DOES 1-10                    )

## INTRODUCTION

1. On May 24, 2019, at around 3:00pm, near 6634 Fountain Ave., Los Angeles, CA 90028, police responded to a call for a restraining order violation.

2. Without having any description matching that of Mr. Antone Austin, officers proceeded to target Mr. Austin as the perpetrator of the restraining order violation, directing commands to him and unlawfully seizing him and using excessive force against while Mr. Austin was merely outside of his home to pick up his garbage cans.

3. Even after the caller of the initial complaint informed officers that Mr. Austin was not the perpetrator, they continued to unlawfully seize Mr. Austin, placing him in a choke

1

hold and tackling him to the ground and twisting his arms in positions causing extreme pain.

4.  During officers' unlawful seizure of Mr. Austin, officers used unreasonable and excessive force against Ms. Michelle Michlewicz when they pushed her onto the ground in the middle of the street, disrobing her in public in the middle of the day, causing her physical and emotional damages.

5.  Officers then placed both Mr. Austin and Ms. Mihclewicz under arrest where they kept them subjected to hours of imprisonment until they were finally released on bail around 3am the next morning.

6.  At this time, Plaintiffs have not obtained identification of the specific officers involved, and will supplement such individuals for the Defendant DOEs placed in this Complaint.

## PARTIES

7.  Plaintiff, ANTONE AUSTIN, is a resident of the State of California.

8.  Plaintiff, MICHELLE MICHLEWICZ, is a resident of the State of California.

9.  Defendant City of Los Angeles ("the City") was and is a legal political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected City Council and/or their agents and officers. The City is responsible for the actions, inactions, policies, procedures, practices and customs of the Los Angeles Police Department ("LAPD") and its agents and employees. At all relevant times, the City was and continues to be responsible for assuring that the actions of the LAPD and its agents

2

and employees comply with the Constitutions of the State of California and of the United States and any other applicable laws and regulations.

10. Defendant Officer DOE 1 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

11. Defendant Officer DOE 2 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

12. Defendant Officer DOE 3 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

13. Defendant Officer DOE 4 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

14. Defendant Officer DOE 5 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

15. Defendant Officer DOE 6 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

16. Defendant Officer DOE 7 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

17. Defendant Officer DOE 8 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

18. Defendant Officer DOE 9 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

COMPLAINT

19. Defendant Officer DOE 10 is an employee of the LAPD, who, on information and belief, without justification seized and used excessive force on Mr. Austin.

20. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendants and each of them were the agents, employees, servants, joint venturers, partners, and/or co-conspirators of the other Defendants named in this Complaint and that at all times, each of the Defendants was acting within the course and scope of said relationship with Defendants.

21. Plaintiffs are informed and believe, and thereupon allege, that at all times material herein, each of the Defendants was the agent or employee of, and/or working in concert with, his/her co-Defendants and was acting within the course and scope of such agency, employment and/or concerted activity. Plaintiffs allege that to the extent certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.

22. Plaintiffs are informed and believe and thereupon allege, that at all times material herein, each Defendant was dominated and controlled by his/her co-Defendant and each was the alter-ego of the other.

23. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and severally.

4

24. Plaintiffs exhausted their administrative remedies by filing governmental tort claims with the City of Los Angeles on October 17, 2019. By correspondence on or around December 27, 2019, the City of Los Angeles rejected Plaintiffs' governmental tort claims.

## JURISDICTION AND VENUE

25. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question).

26. This Court has jurisdiction of state law claims made by both Plaintiffs in this matter under 28 U.S.C. § 1367 (supplemental jurisdiction) as the state law claims are so related to the federal claims in this action with original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

27. Venue is proper in the United State District Court of the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) as the Central District is "a judicial district in which any defendant resides" and "all defendants are residents of the State in which the district is located."

28. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), as the Central District is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

## FACTUAL BACKGROUND

29. On May 24, 2019, at around 3:00pm, near 6634 Fountain Ave., Los Angeles, CA 90028, police responded to a call for a restraining order violation.

30. At this exact time, Mr. Antone Austin, an African American male, was just outside of his home, bringing his garbage cans back into his garage.

31. Police immediately stopped their vehicle and forcefully approached Mr. Austin on his property, directing commands at him.

32. Mr. Austin put his hands in the air and explained that his neighbor called the police and it had nothing to do with him.

33. Police then began applying excessive force to Mr. Austin, in attempts to restrain him despite Mr. Austin's actions of compliance.

34. Mr. Austin's neighbor, Katarina Richardson, the caller of the restraining order violation, then came outside and told the police she was the caller and that Mr. Austin was not the perpetrator.

35. During her call to police, Ms. Richardson was not asked and did not provide a specific description of the perpetrator.

36. However, police continued to apply force against Mr. Austin.

37. Mr. Austin's girlfriend, Michelle Michlewicz, then came outside in only her robe and asked why the officers were restraining Mr. Austin.

38. When one officer tried to place Mr. Austin in a choke hold, Ms. Michlewicz placed her hand on his hand and asked him to stop.

39. In response, the officer pushed Ms. Michlewicz into the middle of the street, disrobing her.

40. More police then arrived on scene, tackling Mr. Austin and twisting his arms in painful positions.

6

COMPLAINT

41. Despite knowing that he was not the suspect to which they were looking for, they continued to place Mr. Austin in handcuffs and place him in the back of a police vehicle.

42. While police confirmed that they were there for a call about a restraining order violation, Mr. Austin asked if they were wearing body cameras during the incident, to which one officer replied that his camera fell off while getting out of the car.

43. The officers then continued to place Mr. Austin under arrest for felony resisting arrest.

44. Ms. Richardson confirmed that she was the one who called the police about her ex-boyfriend who violated the restraining order.

45. During the incident on May 24, 2019, at around 3:00pm, LAPD officers continuously assaulted and placed Mr. Austin in severe apprehension of fear of bodily harm to himself and his girlfriend and assaulted Ms. Michlewicz and placed her in severe apprehension for her safety and that of her boyfriend, while subjecting Ms. Michlewicz to severe emotional distress by assaulting her loved one and disrobing her, leaving her naked in public in broad daylight.

46. The police then transported Mr. Austin and Ms. Michlewicz to the Hollywood police station, where they were placed in a holding cell while officers left Mr. Austin bleeding and subjected them to mistreatment and ridicule, laughing at their expense while reviewing body camera footage of the incident.

47. Mr. Austin and Ms. Michlewicz were subjected to hours of imprisonment until they were finally released on bail around 3am the next morning.

7

# COUNT I

## 42 U.S.C. § 1983

### Fourth and Fourteenth Amendments: Unlawful Seizure

### (By Plaintiff Antone Austin Against All Defendants)

38. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

39. All of the acts of Defendants and the persons involved were done under color of state law.

40. The acts of the Officer Defendants deprived Antone Austin of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to his rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, unlawfully seizing Mr. Austin on his curtilage without any lawful basis, probable cause, warrant, or any exception thereto.

41. Each of the Officer Defendants was both personally involved and an integral participant in the violation of Mr. Austin's constitutional rights. Each officer was aware of the unlawful actions of the other Officers as they unlawfully restrained and arrested Mr. Austin on his curtilage; did not object to this violation of Mr. Austin's rights; and participated in the violation by performing police functions, including meaningful participation in the arrest.

8

42. As a direct and proximate result of the aforementioned acts of the Officer Defendants, Mr. Austin sustained and incurred damages including pain, suffering, and emotional injury.

43. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Antone Austin. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

44. The Officer Defendants and any other involved officers acted pursuant to expressly adopted official policies or longstanding practices or customs of the City of Los Angeles. These include policies and longstanding practices or customs in unlawful seizures where the officers do not have probable cause to seize an individual.

45. The training policies of the City of Los Angeles were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including but not limited to unlawful seizures. The City of Los Angeles knew that its failure to adequately train its officers to interact with such individuals made it highly predictable that its officers would engage in conduct that would deprive persons such as Mr. Austin of their rights.

46. The City of Los Angeles was thus deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

47. Defendant City of Los Angeles' official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Antone Austin by Officers listed as DOE 1-10; that is, the City of Los Angeles's official policies and/or longstanding practices or customs are so closely related to the deprivation of Mr. Austin's rights as to be the moving force that caused his injuries.

## COUNT II

**Fourth and Fourteenth Amendments: Excessive Force**

**(By Plaintiff Antone Austin Against All Defendants)**

48. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth.

49. All of the acts of Defendants and the persons involved were done under color of state law.

50. The acts of the Officer Defendants deprived Antone Austin of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to his rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, using excessive force during Mr. Austin's arrest. Specifically, the Officer Defendants used unreasonable and excessive force when they unlawfully restrained Mr. Austin, attempted to put him in a choke hold, tackled Mr. Austin, forcing him to the ground, and twisted his arms in extremely painful positions.

10

51. Each of the Officer Defendants was both personally involved and an integral participant in the violation of Mr. Austin's constitutional rights. Each officer was aware of the unlawful actions of the other Officers as they planned to use excessive force and did use excessive force against Mr. Moore in his apartment; did not object to this violation of Mr. Austin's rights; and participated in the violation by performing police functions, including meaningful participation in the excessive force.

52. As a direct and proximate result of the aforementioned acts of the Officer Defendants, Mr. Austin sustained and incurred damages including pain, suffering, and emotional injury.

53. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Antone Austin. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

54. The Officer Defendants and any other involved officers acted pursuant to expressly adopted official policies or longstanding practices or customs of the City of Los Angeles. These include policies and longstanding practices or customs unlawful seizures, unlawful seizure of individuals when there is no probable cause, and use of excessive force.

55. The training policies of the City of Los Angeles were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including but not limited to unlawful seizures, unlawful seizure of individuals when there is no probable

COMPLAINT

cause, and use of excessive force. The City of Los Angeles knew that its failure to adequately train its officers to interact with such individuals made it highly predictable that its officers would engage in conduct that would deprive persons such as Mr. Austin of their rights.

56. The City of Los Angeles was thus deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

57. Defendant City of Los Angeles' official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Antone Austin by Officers listed as DOE 1-10; that is, the City of Los Angeles's official policies and/or longstanding practices or customs are so closely related to the deprivation of Mr. Austin's rights as to be the moving force that caused his injuries.

## COUNT III

## 42 U.S.C. § 1983

**Fourth and Fourteenth Amendments: Failure to Intervene**

**(By Plaintiff Antone Austin Against All Defendants)**

58. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

59. All of the acts of Defendants and the persons involved were done under color of state law.

60. The acts and omissions of the Officer Defendants deprived Antone Austin of rights, privileges, and immunities secured by the Constitution and laws of the United States,

12

COMPLAINT

including but not limited to his rights under the Fourth Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, failing to intervene in the unlawful actions of other officers, including the unlawful entry of Mr. Austin's curtilage, his false arrest, the use of excessive and unreasonable force during Mr. Austin's arrest, and the use of excessive and unreasonable force against Mr. Austin while he lay restrained on the ground.

61. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein mentioned, Defendants Officers DOE 1-10 were present and had a realistic and reasonable opportunity to intervene and prevent the unlawful seizure, false arrest, and the use of excessive force by their fellow officers against Mr. Austin in Mr. Austin's curtilage, but neglected to do so.

62. Defendant Officers DOE 1-10 were present and had a realistic and reasonable opportunity to intervene and prevent the use of excessive force by other officers against Mr. Austin when they put him in a choke hold but neglected to do so.

63. As a direct and proximate result of the aforementioned acts and omissions of the Officer Defendants, Mr. Moore sustained and incurred damages, including pain, suffering, and emotional injury.

64. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Antone Austin. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Officer Defendant (but not against the

13

COMPLAINT

entity Defendant) in an amount adequate to punish the wrongdoers and deter future misconduct.

65. The Officer Defendants and any other involved officers acted pursuant to expressly adopted official policies or longstanding practices or customs of the City of Los Angeles. These include policies and longstanding practices or customs on warrantless entries, including warrantless entries on curtilage, false arrests including arrests of individuals on their curtilage, and in situations where the officers do not have probable cause to enter such premises.

66. The training policies of the City of Los Angeles were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including but not limited to warrantless entries, false arrests including arrests of individuals on their curtilage, and use of excessive force. The City of Los Angeles knew that its failure to adequately train its officers to interact with such individuals made it highly predictable that its officers would engage in conduct that would deprive persons such as Mr. Austin of their rights.

67. The City of Los Angeles was thus deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

68. Defendant City of Los Angeles' official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Antone Austin by Officers listed as DOE 1-10; that is, the City of Los Angeles's official policies and/or longstanding practices or customs are so closely

related to the deprivation of Mr. Austin's rights as to be the moving force that caused his injuries.

## COUNT IV

### UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§ 51 et seq.

#### (By Plaintiff Antone Austin Against All Defendants)

69. Plaintiff realleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

70. Section 51(b) of the California Civil Code provides in pertinent part: "All persons within the jurisdiction of this state are free and equal, and no matter what their ... race ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

71. At all times relevant to this action, Mr. Austin resided in California.

72. Mr. Austin is qualified to participate in or receive the benefit of the City's services, programs, or activities.

73. The City and the LAPD are business establishments within the meaning of the Unruh Civil Rights Act whose facilities, programs, and activities are open to the general public and are operated for the public benefit.

74. Mr. Austin was excluded from participation in and denied the benefits of the City's services, programs, or activities, or was otherwise discriminated against by the City by reasons of his race, such that Mr. Austin's race was a substantial motivating reason for the City's discrimination.

75. The City did not have a description matching that of an African American male in regards to the restraining order violation complaint prior to arresting or using force on Mr. Austin.

76. However, the City specifically targeted Mr. Austin and used excessive force against him even though they knew he did not fit any description of the perpetrator, the property was a duplex that was a residence for multiple individuals, and continued such excessive force even after they were made aware by the caller that Mr. Austin was not the perpetrator.

77. The City knew that it was substantially likely that Mr. Austin would be harmed with respect to his rights but failed to act on that likelihood, and thus acted with deliberate indifference, thereby intentionally discriminating against Mr. Austin.

78. The City's acts and omissions against Plaintiff constitute discrimination against him, intentional and through deliberate indifference, and violate the Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq., in that Mr. Austin has been denied full and equal accommodations, advantages, facilities, privileges, and services provided to persons of other races.

79. As a direct and proximate result of the aforementioned acts, including but not limited to Defendant's deliberate indifference to the violation of Mr. Austin's rights, Mr. Austin suffered great physical and emotional pain and continues to suffer fear, anxiety, insomnia, humiliation, hardship, indignity, and severe mental and emotional anguish.

80. As the direct and legal result of Defendants' conduct, Plaintiff suffered and will continue to suffer damages, including but not limited to those set forth above, and is entitled to statutory damages under Cal. Civ. Code § 52, including damages up to three times

COMPLAINT

Plaintiff's actual damages but no less than $4,000 for every offense of California Civil Code § 51 et seq., as well as compensatory damages and attorneys' fees.

## COUNT V

## TOM BANE CIVIL RIGHTS ACT, CIVIL CODE § 52.1

### (By Plaintiff Antone Austin Against All Defendants)

81. Plaintiff realleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

82. Article I, § 13 of the California Constitution and the Fourth Amendment to the United States Constitution guarantee the right of persons to be free from unlawful entries, false arrests, and the use of unnecessary and excessive force on the part of law enforcement officers.  The Officer Defendants, by engaging in the wrongful acts and failures to act alleged herein, intentionally and deliberately denied each of these rights to Mr. Austin by threats, intimidation, or coercion, to prevent Plaintiff from exercising his right to be free of unlawful searches and seizures including unlawful entry, false arrest, and/or excessive force, and/or in retaliation for Plaintiff's exercise of these rights, thus giving Plaintiff a claim for damages pursuant to Cal. Civ. Code § 52.1. Specifically, the Officer Defendants (1) unlawfully seized Mr. Austin on his curtilage without probable cause and continued such unlawful seizure even after being told by the complainant of the restraining order violation that Mr. Austin was not the perpetrator, (3) and used excessive force against Mr. Austin on his curtilage by tackling him, placing him in a choke hold, forcing him to the ground, and twisting his arms in ways to cause extreme pain. The Officer Defendants intended by their actions to deprive Plaintiff of his enjoyment of the interests protected by

17

the right to be free of such conduct. On information and belief, at the time of the Officer

Defendants' unlawful actions alleged herein, the Officer Defendants were aware that Mr.

Austin was not the perpetrator in regards to the restraining order violation. The Officer

Defendants' unlawful actions were a substantial factor causing Mr. Austin to suffer

severe injuries including pain, suffering, and emotional injury.

83. The City of Los Angeles is vicariously liable for its officers' misconduct.

84. In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious

disregard of Mr. Austin's rights. Said Defendants' conduct was willful, wanton,

malicious, and oppressive, thereby justifying an award of exemplary and punitive

damages against each individual Officer Defendant (but not against the entity Defendant)

to punish the wrongful conduct alleged herein and to deter such conduct in the future.

85. As the direct and legal result of Defendants' conduct, Plaintiff suffered and will continue

to suffer damages, including but not limited to those set forth above, and is entitled to

statutory damages under Cal. Civ. Code § 52, including damages up to three times

Plaintiff's actual damages but no less than $4,000 for every offense of California Civil

Code § 51 et seq., as well as compensatory and punitive damages and attorneys' fees.

## COUNT VI

## BATTERY

### (By Plaintiff Antone Austin Against All Defendants)

86. Plaintiff realleges and incorporates by reference each and every allegation contained

above as though fully set forth herein.

18

87. On information and belief, each of the Officer Defendants intentionally touched Mr. Austin, and/or caused him to be touched, while seizing Mr. Austin on his property.

88. Officers thereafter intentionally touched Mr. Austin, and/or caused him to be touched, while placing Mr. Austin in a choke hold.

89. On information and belief, each of the Officer Defendants used unreasonable force to arrest Mr. Austin.

90. Defendant Officers used unreasonable force when placing Mr. Austin in a choke hold after he had placed his hands up and Ms. Richardson, the caller of the initial complaint, informed the officers that Mr. Austin was not the perpetrator.

91. Mr. Austin did not consent to the Officer Defendants' uses of force.

92. Mr. Austin was harmed by each use of force which has caused him to suffer severe injuries including pain, suffering, and emotional injury.

93. The Defendant Officers' uses of unreasonable force was a substantial factor in causing Mr. Austin's harm.

94. The City of Los Angeles is vicariously liable for the actions of the Officer Defendants.

95. In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Mr. Austin's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## COUNT VII

## BATTERY

---

**(By Plaintiff Michelle Michewicz Against All Defendants)**

96. Plaintiff realleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

97. On information and belief, Defendant Officers touched Ms. Michlewicz, and/or caused her to be touched, while unlawfully seizing Mr. Austin on his property.

98. On information and belief, each of the Officer Defendants used unreasonable force to distance Ms. Michlewicz from their unlawful seizure of Mr. Austin.

99. Ms. Michlewicz did not consent to the Officer Defendants' uses of force.

100. Ms. Michlewicz was harmed by each use of force which has caused her to suffer severe injuries including pain, suffering, and emotional injury.

101. The Defendant Officers' uses of unreasonable force was a substantial factor in causing Ms. Michlewicz's harm.

102. The City of Los Angeles is vicariously liable for the actions of the Officer Defendants.

103. In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Ms. Michlewicz's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**COUNT VIII**

**NEGLIGENCE**

**(By Plaintiff Antone Austin Against All Defendants)**

20

104. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

105. The conduct of Defendants as set forth herein, was tortious in that Defendants breached their duty of care to Mr. Austin when the Officer Defendants used excessive force to arrest Mr. Austin on his property and while placing him in a choke hold.

106. As a result of the conduct of the Defendants as alleged herein, Mr. Austin sustained and incurred physical and emotional damages.

107. The City of Los Angeles is vicariously liable for the actions of the Officer Defendants.

108. In doing the foregoing wrongful acts, the Officer Defendants, and each of them, acted with conscious disregard of Mr. Austin's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## COUNT IX

## NEGLIGENCE

### (By Plaintiff Michelle Michlewicz Against All Defendants)

109. Plaintiffs reallege and incorporate by reference each and every allegation contained above as though fully set forth herein.

110. The conduct of Defendants as set forth herein, was tortious in that Defendants breached their duty of care to Ms. Michlewicz when the Officer Defendants used excessive force to distance Ms. Michlewicz from their unlawful arrest Mr. Austin on his property and

21

while placing him in a choke hold, causing her to be pushed to the ground and disrobed in public in the middle of the day.

111. As a result of the conduct of the Defendants as alleged herein, Ms. Michlewicz sustained and incurred physical and emotional damages.

112. The City of Los Angeles is vicariously liable for the actions of the Officer Defendants.

113. In doing the foregoing wrongful acts, the Officer Defendants, and each of them, acted with conscious disregard of Ms. Michlewicz's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. For compensatory, general, statutory, and special damages against each Defendant, jointly and severally, in amount at least equal to $2 million and to be proven at trial;

2. Punitive and exemplary damages against individually named Defendants DOE 1-10 in an amount appropriate to punish Defendant(s) and deter others from engaging in similar misconduct;

3. Prejudgment interest;

4. For costs of suit and reasonable attorneys' fees and costs as authorized by statute or law;

5. For restitution as the Court deems just and proper;

---

COMPLAINT

6. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

## JURY TRIAL DEMANDED

PLAINTIFF DEMANDS A JURY BY TRIAL ON ALL COUNTS.

Respectfully Submitted,

/S/ FAISAL GILL_____
Faisal Gill (SBN 463416)
Gill Law Firm
11330 Ventura Blvd
Studio City, CA 91604
310-418-6675
202-318-5331 (fax)
Fgill@glawoffice.com

23

COMPLAINT