UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03985-AB-JC | Date | April 2, 2021 |
|---|---|---|---|
| Title | Antone Austin, et al. v. City of Los Angeles, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | none | none |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| none | none |

**Proceedings:** (In Chambers)

**ORDER (1) SUBMITTING AND VACATING HEARING ON PLAINTIFFS' MOTION; AND (2) GRANTING PLAINTIFFS' MOTION EXCEPT AS TO DEPICTION OF NUDITY (DOCKET NO. 25)**

**I.   SUMMARY**

On March 1, 2021, Plaintiffs filed a Motion to Remove Discovery Materials from Protective Order ("Motion"), essentially seeking to remove limitations on the disclosure of certain body camera footage (Plaintiffs' Exhibit 1 to the Motion) that defendant has designated as confidential under the Stipulated Protective Order in this action. (Docket No. 18 [Stipulated Protective Order]; Docket No. 25 [Motion]).[1] The Motion is currently set for hearing before this Court on April 6, 2021 at 9:30 a.m. (Docket No. 27).

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion appropriate for decision without oral argument. The hearing calendared for April 6, 2021 is hereby vacated and the matter is submitted for decision.

Based on the record, including the parties' submissions in connection with the Motion, and on the pertinent facts and law, and for the reasons explained below, the Court grants the Motion except as to the depiction of nudity.

---

[1] In connection with the Motion, the parties filed a Joint Stipulation (alternatively "JS"), a Declaration of Matthew W. McAleer ("McAleer Decl.") with an exhibit which consists of Defendant City of Los Angeles's Responses and Objections to Plaintiff Austin's First Set of Requests for Production, a privilege log, and a September 10, 2020 Declaration of Javier Lozano ("Lozano Declaration" or "Lozano Decl."). (Docket No. 25). Plaintiffs also lodged under seal a DVD containing the body camera footage in issue. (Docket No. 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03985-AB-JC | Date | April 2, 2021 |
|---|---|---|---|
| Title | Antone Austin, et al. v. City of Los Angeles, et al. | | |

## II.   BACKGROUND

On April 30, 2020, Plaintiffs Antone Austin and Michelle Michlewicz filed a Complaint against the City of Los Angeles (the "City") and Officer Does 1-10, asserting multiple federal and state civil rights and related claims relating to the arrest/seizure of Austin and the use of force against Austin and Michlewicz on the afternoon of May 24, 2019. (Docket No. 19). The City filed its Answer on July 17, 2020. (Docket No. 10).

On an unspecified date, Plaintiff Austin served the City with his First Set of Requests for Production ("Document Requests") seeking, among other things, all audio/video related to this matter, including officer bodycam footage. (See Docket No. 25-3). On or about September 10, 2020, the City served its Responses and Objections to the Document Requests, a privilege log which reflects that the City was withholding production of body camera footage – including the footage at issue – and the reasons therefor,[2] and the Lozano Declaration. (McAleer Decl. ¶ 2; Docket No. 25-3; see supra note 1).

On September 30, 2020, the Court approved and filed the parties' Stipulated Protective Order which permitted the parties to designate and have certain discovery treated as "Confidential." (Docket Nos. 17, 18). The City thereafter produced, among other footage, a copy of the body camera footage that is the subject of the Motion, with a confidential designation under the Stipulated Protective Order. (McAleer Decl. ¶ 3).

The non-expert discovery cut-off is currently June 30, 2021. (Docket No. 22).

## III.   PERTINENT LAW

### A.   Protective Orders

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc., v. U. S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999); accord Phillips ex rel. Estates of Byrd v. General Motors Corp. ("Phillips"), 307 F.3d 1206, 1210 (9th Cir. 2002). For good cause, the court may issue a protective order limiting access to the fruits of pretrial discovery. See Fed R. Civ. P. 26(c).

If a party challenges whether items have been properly designated as confidential, the party seeking to maintain confidentiality pursuant to a protective order has the burden of establishing that there is good cause to continue the protection of the discovery material. See In the Matter of Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011), cert. denied, 566 U.S. 922 (2012); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1130 (9th Cir 2003).

---

[2] The privilege log reflects that the privileges claimed as to the "officers' body worn videos" on May 24, 2019, are: Official Information Privilege; Right to Privacy; Peace Officer Personnel Records; Self Critical Analysis Privilege; Subsequent and Remedial Measures. (Docket No. 25-3 at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03985-AB-JC | Date | April 2, 2021 |
|---|---|---|---|
| Title | Antone Austin, et al. v. City of Los Angeles, et al. | | |

"Good cause" requires a threshold showing that "specific prejudice or harm will result" from disclosure. Foltz, 331 F.3d at 1130; see also In the Matter of Roman Catholic Archbishop of Portland in Oregon, 661 F.3d at 424 (in assessing whether to remove discovery from protective order court must first determine whether "particularized harm will result from disclosure of the information to the public"); Phillips, 307 F.3d at 1211 (in the "good cause" analysis, the court first must determine whether disclosure of the item will result in "particularized harm"). The required threshold showing cannot properly consist of "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning[.]" In the Matter of Roman Catholic Archbishop of Portland in Oregon, 661 F.3d at 424 (quoting Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir.), cert. denied, 506 U.S. 868 (1992) (citations and quotations omitted)).

If the party seeking protection successfully identifies a particularized harm, the Court "balances the public and private interests" to decide whether a confidential designation is necessary. Phillips, 307 F.3d at 1210-11. In doing so, the court will consider (1) whether a disclosure would violate privacy interests; (2) whether the information is being sought for a legitimate or improper purpose; (3) whether disclosure will cause a party embarrassment; (4) whether the relevant information is important to public health and safety; (5) whether the sharing of the relevant information would promote fairness and efficiency; (6) whether the party benefitting from a confidentiality order is a public entity or official; and (7) whether the case "involves issues important to the public. See In the Matter of Roman Catholic Archbishop of Portland in Oregon, 661 F.3d at 424 (citing Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) and directing courts to consider foregoing factors identified therein to determine whether good cause exists to maintain confidentiality designations).

Even where the court determines that disclosure of information may result in "particularized harm," and the private interest in protecting the discovery material outweighs the public interest in disclosure, a court must still consider whether redacting sensitive portions of the discovery material will nevertheless allow disclosure. In the Matter of Roman Catholic Archbishop of Portland in Oregon, 661 F.3d at 424 (citing Foltz, 331 F.3d at 1136-37).

    **B.**    **Pertinent Privileges**

Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of federal common law. United States v. Zolin, 491 U.S. 554, 562 (1989) (citing Federal Rules of Evidence 501). Where, as here, federal question claims and pendent state law claims are present and the material/evidence sought relates to both, the federal law of privilege applies. Agster v. Maricopa County, 422 F.3d 836, 840 (9th Cir. 2006). Accordingly, this Court considers only the federal privileges asserted in assessing whether Defendant has demonstrated good cause to retain the confidentiality designation in issue. See Miller v. Pancucci, 141 F.R.D. 292, 297-99 (C.D. Cal. 1992) (applying federal privilege law to discovery disputes in federal civil rights action; rejecting contention that California state law should also apply as California rules for discovery and privileges are fundamentally inconsistent with federal rules/law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03985-AB-JC | Date | April 2, 2021 |
|---|---|---|---|
| Title | Antone Austin, et al. v. City of Los Angeles, et al. | | |

Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. A. Farber and Partners, Inc., 234 F.R.D. 186, 189-90 (C.D. Cal. 2006). Courts balance the need for the information sought against the privacy right asserted. Id.

Federal common law also recognizes a qualified privilege for official information. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990), cert. denied, 502 U.S. 957 (1991). "Because this privilege is based upon the state's interest in protecting against public disclosure of sensitive information, courts examining a claim of privilege will balance the plaintiff's interest in disclosure against the government's interest in keeping the information secret." Price v. County of San Diego, 165 F.R.D. 614, 620-21 (S.D. Cal.1996).

When the official information privilege is asserted in response to a discovery request, courts have held that "the responsible official within the agency who has personal knowledge regarding the material must submit a declaration that: (1) affirms that the agency has collected the material and held it in confidence; (2) affirms that he has reviewed the material; (3) specifically asserts the governmental or privacy interest which would be threatened by disclosure of the material; (4) specifically explains the substantial risk of harm to those interests which would result from disclosure; and (5) estimates the amount of harm which would result from disclosure." Green v. Baca, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (quoting Price, 165 F.R.D. at 620-21).

**IV.   DISCUSSION**

Defendant argues that the body camera footage in issue should remain confidential essentially because it was created pursuant to a confidential internal evaluation process, disclosure would be contrary to LAPD policy and may have a chilling effect on future LAPD investigations, and disclosure would interfere with the officers' expectation of privacy and create a risk of harm to Ms. Richardson (a female witness depicted thereon), the officers, and their families.

The Court is not persuaded by Defendant's arguments and concludes that Defendant has failed to carry its burden of showing "good cause" for the retention of the confidentiality designation for the body camera footage in issue.  The disclosure of some law enforcement videos may well result in "specific prejudice or harm," as where disclosure would compromise an ongoing criminal investigation, betray some secret law enforcement strategy or technique, reveal the identity of a confidential informant or an undercover officer, unduly invade the privacy of bystanders or other unidentified third parties or expose the inside of a police station or detention facility in a manner so as to jeopardize security therein. However, Defendant has failed to show that any such specific prejudice or harm (or any other variety of specific prejudice or harm) would result from disclosure of the body camera footage in issue in the present case. The footage in issue – bates-numbered in discovery as DEFT 1082 and lodged with the Court under seal herein as Plaintiffs' Exhibit 1 – depicts two uniformed officers in their marked police vehicle interacting with dispatch enroute to the scene of the incident, the eventual May 24, 2019 stop and detention of Austin on a public sidewalk, the subsequent escalating interactions between Austin,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03985-AB-JC | Date | April 2, 2021 |
|---|---|---|---|
| Title | Antone Austin, et al. v. City of Los Angeles, et al. | | |

Michlewicz (who is unclothed and whose private parts are revealed at certain points) on the public sidewalk/street, unknown civilian witnesses – including at least one who appears to be filming the incident with a phone, the arrival of other officers to the scene, a conversation between officers and a female civilian (presumably Ms. Richardson) outside/in what appears to be an outdoor courtyard of an apartment building, discussions amongst multiple officers on the public sidewalk/in the outdoor courtyard, and officers apparently escorting Austin (who is handcuffed) to a police vehicle in a public street.

Under the circumstances presented, Defendant has failed to make the required threshold showing to retain a confidentiality designation under the Stipulated Protective Order for the body camera footage in issue. See Lee v. City of San Diego, 2019 WL 117775, at *3 (S. D. Cal. Jan. 7, 2019) (refusing defendants' request to seal police body cam videos in a civil rights action where defendants "fail to provide any support as to how videos of an arrest made on a crowded sidewalk contain information that if disclosed to the public could harm or violate anyone's rights"); Lallemand v. County of Los Angeles, 2018 WL 6136814, at *8 (C.D. Cal. Jan 12, 2018) (refusing protective order for law enforcement video in a civil rights action where the video depicted an encounter between the plaintiff and defendant sheriff's deputies in full view of the public and defendants were "unable to identify a specific, credible, non-speculative harm that would result if the video were released to the public").

The Lozano Declaration, on which Defendant principally relies, fails to establish a particularized need to retain the confidentiality designation. Among other things, it does not reflect that Lozano has even viewed the body camera footage in issue – rendering it facially inadequate to establish the existence of an official information privilege which might otherwise weigh against disclosure. It otherwise contains sweeping generalities about unsubstantiated harm not tailored to body camera footage, let alone the specific body camera footage in issue.

Because the Court finds that Defendant has failed to carry its threshold burden, the Court need not balance "the public and private interests" to decide whether retention of the confidential designation for the camera footage in issue is necessary. However, if this Court were to balance the interests allegedly involved in the present case, it would conclude that the balance weighs against retention of the confidentiality designation as to the body camera footage in issue.

Notwithstanding the foregoing, the Court does not view it to be appropriate to allow the publication of the portion of the footage which depicts Plaintiff Michlewicz's unclothed body/private parts. Accordingly, the Motion is granted and the confidentiality designation is removed, except with respect to the foregoing depiction of Plaintiff Michlewicz's unclothed body/private parts. Any publication of the body camera in footage in issue must redact, blur, or otherwise obscure the same.

IT IS SO ORDERED.